Victor Garcia GARCIA, Petitioner,

v.

Jefferson B. SESSIONS, III, Attorney General of the United States, Respondent.

Nos. 15-2571; 16-1964

United States Court of Appeals, First Circuit.

Entered: September 25, 2017

Before HOWARD, Chief Judge, TORRUELLA, SELYA, STAHL, LYNCH, THOMPSON, KAYATTA, and BARRON, Circuit Judges.

STAHL, Circuit Judge, Dissents from the denial of panel rehearing.

### ORDER OF COURT

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be denied.

TORRUELLA, Circuit Judge, Dissenting from the denial of en banc rehearing.

I agree with Judge Stahl that Garcia was not afforded due process when he was first removed in 2004. The majority's use of that prior, flawed removal to categorically exclude Garcia from eligibility for asylum therefore conflicts with the United States' treaty obligations. I am not sure if the interpretation of the interplay between 8 U.S.C. § 1158(a)(1) and 8 U.S.C. § 1231(a)(5) is erroneous in light of the Charming Betsy doctrine even without considering Garcia's unique circumstances, but it is on these facts.

As Judge Stahl and the amici have explained, applying a categorical bar to asylum eligibility may violate several Articles of the Refugee Convention. To avoid repeating all of them, I will focus on Article 28, which requires the United States to issue "travel documents" to refugees "unless compelling reasons of national security or public order otherwise require." 19 U.S.T. at 6274. Garcia is a refugee, and he will not be issued travel documents if he is not granted asylum. The majority asserts that the government has a "compelling reason" to withhold asylum status, namely "deterring repeated unlawful entry into this country." That seems like a very low bar for finding a "compelling reason," but it is particularly inapplicable here. Simply put, it does not appear that his first (and only previous) entry into the United States would have been judged unlawful if he had been afforded due process in his first removal proceedings; he would have been granted asylum. Not only is Garcia losing rights for a second time because the BIA violated his constitutional rights, but even the thin reed on which the majority bases its "compelling reason" argument is inapposite on these facts.